QUESTIONS: 1. Is s. 455.01, F.S., a reliable reference source for the purpose of determining those schools which are exempt from Ch. 74-360, Laws of Florida [ss. 246.201-246.231, F.S. (1974 Supp.)]? 2. Are flight schools which teach flying as a vocation exempt from Ch. 74-360, Laws of Florida, by virtue of being approved by the Federal Aviation Administration and the state approval agency for veterans' training?
SUMMARY: Section 455.01, F.S., is a reliable reference source for the purpose of determining schools or businesses regulated by the state and which are thereby exempt from the operation of Ch. 74-360, Laws of Florida, although it is not an exclusive source for such purpose. Flight schools which teach flying as a vocation are not exempt from Ch. 74-360, Laws of Florida, by virtue of such schools being approved or regulated by the Federal Aviation Administration for purposes of veterans' training benefits or programs. AS TO QUESTION 1: Section 1(4) of Ch. 74-360, Laws of Florida [s. 246.201(4), F.S. (1974 Supp.)], provides in part that, "[a]ny school or business regulated by the state is hereby expressly exempt from this act." Section 455.01, F.S., refers to and defines over thirty regulatory boards created by the state which examine applicants and license and otherwise regulate practitioners of the various professions and occupations set forth therein. As such, s. 455.01 is a reliable source for determining those schools which are exempt from Ch. 74- 360, since the professions and occupations referred to therein, as well as associated schools, are regulated by the state through the various administrative boards which are defined in s. 455.01. As a specific example, I refer to Ch. 476, F.S., and particularly s. 476.072, which establishes the Florida Barbers Sanitary Commission and directs that the commission shall evaluate and license schools or colleges of barbering. In addition, s. 475.451, F.S., requires schools which teach courses in real estate practice to obtain a permit from the Florida Real Estate Commission, with the exception of approved and accredited colleges and universities in this state. Finally, as a further example, s. 484.05, F.S., places the responsibility for approving continuing education programs for opticians in the State Board of Dispensing Opticians which adopted Rule 21P-5.01, F.A.C., on December 6, 1974, requiring an outline and summary of all courses of study and programs offered to be submitted to the board no less than 60 days prior to the date the course or program is offered. In each of the examples given above, administrative regulatory boards established by the state and referred to in s. 455.01, F.S., do set standards and otherwise regulate associated occupational and professional schools. However, it should be pointed out that s. 455.01, supra, is by no means an exclusive source of reference or listing of methods by which the state regulates occupational, professional, or vocational schools and thereby exempts them from Ch. 74-360, Laws of Florida. Your first question is therefore answered in the affirmative. AS TO QUESTION 2: As noted above, any school or business regulated by the state is exempt from Ch. 74-360, Laws of Florida. Section 1(4), Ch. 74-360, supra. Since the Federal Aviation Authority is a federal agency and since no provision is made in Ch. 74-360 for exemption based solely on federal regulation, flight schools approved by the F.A.A. for veterans' training are not exempt from Ch. 74-360, Laws of Florida, due simply to the approval of or regulation by the F.A.A. or any other federal agency. Your question also refers, however, to the "state approval agency" for veterans' training as a possible basis for exemption under the "state regulation" provision cited above. Title 38 of the U.S. Code at s. 1771(a) provides that: Unless otherwise established by the law of the State concerned, the chief executive of each State is requested to create or designate a State department or agency as the "State approving agency" for his State . . . . Pursuant to this authority the Governor redesignated the Division of Veterans Affairs of the Department of Community Affairs as the state approval agency in Florida on May 1, 1974, for the purpose of providing V.A. approval for private vocational, apprenticeship, and other on-the-job training programs for veterans. The state approval agency within the Department of Community Affairs is entirely federally funded. In addition, it is not a state agency created by state statute, but rather exists solely pursuant to the Governor's designation noted above under and for the purposes of federal law. Such state approval agency does not have statutory authority to promulgate rules and regulations or to otherwise regulate any occupational, professional, or vocational schools. Rather, the state approval agency exists to assist in carrying out the provisions of Chs. 34, 35, and 36 of Title 38, U.S.C. and such other federal programs, regulations, and policies pertaining to the approval of courses for V.A. benefits as may be applicable. Title 38, U.S.C. s. 1772(a). Question 2 is therefore answered in the negative. Due to the concern which has been expressed by members of the Legislature concerning flight schools and their approval and regulation by the F.A.A. for purposes of veterans' training and V.A. benefits, I might suggest that the Legislature could amend Ch. 74- 360, supra, to specify that, "any school or business regulated by the state or approved or regulated by the Federal Aviation Administration for purposes of veterans' training benefits or programs is hereby expressly exempt from this act." Such amendment of Ch. 74-360, supra, to provide for this reference to Federal regulation would, of course, alter this opinion and would explicate the intent of the Legislature, if, in fact, its intent was to exempt such flight schools from the coverage of Ch. 74-360, supra.